IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

PALM BEACH GOLF CENTER-BOCA, INC.,
a Florida corporation, individually and on behalf
of all others similarly situated,

 Plaintiff,                                              Case No.

v.

JOHN G. SARRIS, D.D.S., P.A., a Florida
corporation, and JOHN G. SARRIS,

Defendants.
_____/

## DEFENDANTS' NOTICE OF REMOVAL

COMES NOW, Defendants, JOHN G. SARRIS, D.D.S., P.A. and JOHN G. SARRIS, by and through their undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1441(a), 1453(b), and 1446(a),(b), file this Notice of Removal of the captioned case to the United States District Court for the Southern District of Florida from the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida, where the case is now pending. As grounds for removal Defendants state as follows:

1. Plaintiff filed a class action complaint claiming that Defendants violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 by sending advertising faxes to the Plaintiff and other purported class members. *See* Second Amended Class Action Complaint attached as **Exhibit "A."**

2. All named parties are Florida residents.

3. Removal of this matter is based on the United States Supreme Court decision in <u>Mims v. Arrow Financial Services, LLC.</u>, 132 S.Ct. 740 (2012) rendered on January 18, 2012.

<u>Mims</u> holds that federal courts have original jurisdiction pursuant to 28 U.S.C. §1331 over private suits arising under the TCPA.  *See* <u>Mims</u> opinion attached as **Exhibit "B."**

4. Petitioner, Mims, filed a TCPA action in Federal District Court invoking federal question jurisdiction under 28 U.S.C. §1331.  <u>Mims</u> at 742.  The District Court dismissed Mims's complaint for lack of subject-matter jurisdiction, holding that the TCPA vested jurisdiction over private TCPA actions exclusively in state courts.  <u>Id.</u>  The 11th Circuit affirmed the District Court based on the precedent of <u>Nicholson v. Hooters of Augusta, Inc.</u>, 136 F.3d 1287 (11th Cir. 1988), which held federal question jurisdiction was unavailable for TCPA private causes of action.  <u>Mims</u> at 747.  The Supreme Court of the United States overturned the lower courts' decisions; The Court held that federal courts have subject matter jurisdiction over private TCPA causes of action.  <u>Id.</u> at 742, 753.

5. This case is now removable pursuant to 28 U.S.C. §1441, because the United States District Court has original jurisdiction pursuant to 28 U.S.C. §1331.  *See* Civil Cover Sheet attached as **Exhibit "C."**

6. Plaintiff also seeks damages under a conversion theory for loss of toner and one piece of paper from the allegedly received fax.  This Court has supplemental jurisdiction of the conversion claim pursuant to 28 U.S.C. §1367(a) and/or 28 U.S.C. §1441(c).

7. Removal is timely pursuant to 28 U.S.C. §1446(b)(3), which states:

   Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, **order or other paper** from which it may first be ascertained that the case is one which is or has become removable.

   28 U.S.C. §1446(b)(3) (emphasis added).

8. The Mims opinion issued by the Supreme Court of the United States is an "order or other paper" under 28 U.S.C. 1446(b)(3).  *See* Green v. R.J. Reynolds Tobacco Co., 274 F.3d 263 (5th Cir. 2001) (finding a new 5th Circuit Court opinion constituted an "order" for purposes of §1446(b)); Smith v. Burroughs Corp., 670 F.Supp. 740 (E.D.Mich. 1987) (holding the Supreme Court of the United States decision on jurisdiction of a wrongful discharge action rendered formerly nonremovable case, removable under §1446(b)); Ancar v. Murphy Oil, U.S.A., Inc., 2006 WL 2850445 at *3 (E.D.La.) (finding a then recent 5th Circuit opinion constituted "a new 'order or paper' which has just come into existence."); *see also* Doe v. American Red Cross, 14 F.3d 196 (3rd Cir. 1993); Davis v. Time Ins. Co., 698 F.Supp. 1317 (S.D.Miss. 1998); *but cf* Metropolitan Dade County v. TCI TKR of South Florida, Inc., 936 F.Supp. 958, 959 (S.D.Fla. 1996) (rejecting the argument that an FCC opinion was analogous to a United States Supreme Court decision in holding that a recent FCC opinion was not an "order or other paper."); Morsani v. Major League Baseball, 79 F.Supp.2d 1331 (M.D.Fla. 1999) (finding that a Supreme Court decision concerning the procedural requirements of the §1446(b) "receipt rule" did not constitute an "order or other paper.").

9. The case *sub judice* was filed on July 9, 2009 in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida.  At that time, Defendants had no reasonable basis to remove the case to federal court under 28 U.S.C. §1331.

10. The Mims decision, issued on January 18, 2012, marks the first ascertainable time that the present matter has become removable.  On that date, for the first time, this Court became a proper forum for private TCPA causes of action including the present lawsuit.  Therefore, this Notice of Removal filed within 30 days after receipt of the Mims opinion is timely under §1446(b)(3).

11. This Court is the District Court for the United States for the district and division embracing the place where the state court action is pending; it is the appropriate court for removal pursuant to 28 U.S.C. § 1441(a)

12. A copy of all process, pleadings and orders are attached as **Composite Exhibit "D"** as required under 28 U.S.C. §1446(a).

13. Defendants will give written notice of the filing of this Noticed of Removal to opposing counsel as required by 28 U.S.C. §1446(d).

14. A copy of this Notice will be filed with the Clerk of the Circuit Court of the 15th Judicial Circuit as required by 28 U.S.C. §1446(d).

WHEREFORE, Defendants, JOHN G. SARRIS, D.D.S., P.A. and JOHN G. SARRIS respectfully request that this case be removed from the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida, and that this Honorable Court accept jurisdiction over this case.

This 16th day of February, 2012

> LANE, REESE, SUMMERS, ENNIS &
> PERDOMO, P.A.
>
> /S/ Kevin D. Franz
> William S. Reese
> Florida Bar No. 187183
> Wreese@lanereese.com
> Kevin D. Franz
> kfranz@lanereese.com
> 2600 Douglas Road
> Suite 304
> Miami, Florida 33134
> (305) 444-4418
> *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was mailed February 16, 2012 to: Brian J. Wanca, Esq., Anderson & Wanca, 3701 Algonquin Road, Suite 760, Attention: Ryan Kelly, Rolling Meadows, IL, 60008;Philip A. Bock, Esq., Bock & Hatch, LLC, 134 N. LaSalle Street, Suite 1000, Chicago, IL, 60602;Manuel.  I hereby certify that I have electronically filed the within and foregoing **DEFENDANTS' NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system.  Further, I hereby certify that I will promptly file a copy of the Notice of Removal with the Clerk of the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County County, Florida pursuant to 28 U.S.C. § 1446(d).

This 16 day of February, 2012.

/S/ Kevin D. Franz
William S. Reese
Florida Bar No. 187183
Kevin D. Franz
Florida Bar No. 15243