IN THE CIRCUIT COURT OF THE
15th JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

Case No.: 09 CA 23366XXXXMB AE

PALM BEACH GOLF CENTER-BOCA, INC.,
a Florida corporation, individually and on behalf
of all others similarly situated,

CLASS REPRESENTATION

    Plaintiff,

v.

JOHN G. SARRIS, D.D.S., P.A., a Florida
corporation, and JOHN G. SARRIS,

    Defendants.
_____/

## SECOND AMENDED CLASS ACTION COMPLAINT

PALM BEACH GOLF CENTER-BOCA, INC., a Florida corporation ("Plaintiff") brings this action individually and on behalf of all others similarly situated, through its attorneys, and except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendants, JOHN G. SARRIS, D.D.S, P.A., a Florida corporation and JOHN G. SARRIS (collectively "Defendants").

### PRELIMINARY STATEMENT

1.    This case challenges Defendants' practice of faxing unsolicited advertisements in violation of the federal Telephone Consumer Protection Act, 47 USC § 227 (the "TCPA").

2. The TCPA prohibits a person or entity from faxing, whether directly or through an agent, commercial advertisements without the recipient's prior express invitation or permission ("junk faxes" or "unsolicited faxes"). The TCPA provides a private right of action and provides statutory damages of $500 per violation.

3. Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4. On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the TCPA and the common law of conversion.

5. Plaintiff seeks an award of statutory damages for each violation of the TCPA and reimbursement of the costs of bringing suit, including its attorneys' fees pursuant to the common fund doctrine, among other relief.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 47 U.S.C. § 227 and Florida Statutes § 26.012, in that this class action seeks recovery of damages in excess of $15,000, exclusive of interests and costs, and Defendants have transacted business in Florida and committed tortious acts related to the matters complained of herein.

7. Venue is proper in Palm Beach County pursuant to Florida Statutes § 47.051 in that the cause of action accrued in this county.

8. Federal jurisdiction does not exist because no federal question or claim is asserted and Plaintiffs' individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees. Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all forms of damages and fees.

## PARTIES

9. Plaintiff, PALM BEACH GOLF CENTER-BOCA, INC., is a Florida corporation with its principal place of business in Boca Raton, Florida.

10. On information and belief, Defendant, JOHN G. SARRIS, D.D.S, P.A., is a Florida corporation with its principal place of business located in Palm Beach County, Florida.

11. On information and belief, Defendant JOHN G. SARRIS was operating a dental care business under the name JOHN G. SARRIS, D.D.S., P.A.

12. On information and belief. Defendant, JOHN G. SARRIS was an officer, director, shareholder and control person of Defendant, JOHN G. SARRIS, D.D.S., P.A.

13. On information and belief, Defendant, JOHN G. SARRIS, approved, authorized and participated in the scheme to broadcast advertisements by facsimile by (a) directing a list to be purchased or assembled; (b) directing and supervising employees or third parties to send the advertisements by fax; (c) creating and approving form of advertisements to be sent; (d) determining the number and frequency of facsimile transmissions; and (e) approving or paying the employees or third parties to send the advertisements by facsimile transmission.

## FACTUAL ALLEGATIONS

14. On or about December 13, 2005, Defendants faxed a commercial advertisement to Plaintiff. A copy of the facsimile is attached hereto as Exhibit A.

3

15. Plaintiff had not invited or given permission to Defendants to send fax advertisements to it.

16. On information and belief, Defendants faxed the same and similar advertisements to Plaintiff and more than 50 other recipients without first receiving the recipients' express permission or invitation.

17. There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

18. Defendants' unsolicited fax advertisements used the paper, toner and fax machine of Plaintiff and class members, and which they had not authorized Defendants to use, thereby causing damages to Plaintiff and class members.

## CLASS REPRESENTATION ALLEGATIONS

19. In accordance with Fla. R. Civ. P. 1.220, Plaintiff brings this action as a class action on behalf of the following Class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendants, (3) with respect to whom Defendants did not have prior express permission or invitation for the sending of such faxes, and (4) with whom Defendants did not have an established business relationship.

Plaintiff asserts claims on behalf of the Class under the TCPA and the common law cause of action of conversion.

4

### Numerosity and Impracticability of Joinder – Rule 1.220(a)(1)

20. Plaintiff is informed and believes in good faith that the class includes fifty or more persons and as such, the members of the Class are so numerous that joinder of all members is impracticable.

### Commonality - Rule 1.220(a)(2)

21. There are questions of fact or law common to the class, which predominate over questions affecting only individual class members, including without limitation:

(i) Whether Defendants sent unsolicited fax advertisements;

(ii) Whether Defendants' facsimiles advertised the commercial availability of property, goods, or services;

(iii) The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iv) Whether Defendants faxed advertisements without first obtaining the recipients' express permission or invitation;

(v) Whether Defendants violated the provisions of 47 USC § 227;

(vi) Whether Plaintiff and the other class members are entitled to statutory damages;

(vii) Whether Defendants committed the common law tort of conversion;

(vii) Whether Defendants should be enjoined from faxing advertisements in the future; and

(ix) Whether the Court should award trebled damages.

5

22. Plaintiff's claims are typical of those of the members of the class. Plaintiff's claims, and those of the other class members arise out of the same actions and course of conduct of Defendants in sending advertisements without prior express permission or invitation.

### Adequacy of Representation – Rule 1.220(a)(4)

23. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members. Plaintiff has interests in common with the proposed class members and Plaintiff and Plaintiff's counsel will prosecute the case. Plaintiff has the same claim for damages as the other class members. Plaintiff and the other class members can recover the same statutory liquidated damages.

### Superiority – Rule 1.220 (b)(3)

24. A class action is superior and appropriate to other potential methods for fair and efficient adjudications.

25. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible and inconsistent adjudications could result.

26. This action is manageable as a class action.

### COUNT I
### VIOLATIONS OF TELEPHONE CONSUMER
### PROTECTION ACT, 47 U.S.C. § 227

27. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

6

28. The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine...." 47 U.S.C. § 227(b)(1).

29. The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

30. The TCPA provides:

> 3. Private right of action. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> (A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) Both such actions.

31. The Court, in its discretion, can treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

32. Defendants violated the 47 U.S.C. § 227 et seq. by sending advertising faxes (such as Exhibit A) to Plaintiff and the other members of the class without first obtaining their prior express invitation or permission.

33. The TCPA is a strict liability statute and Defendants are liable to Plaintiff and the other class members even if its actions were only negligent.

34. Defendants knew or should have known that (A) Plaintiff and the other class members had not given express invitation or permission for Defendants or anybody else to fax

7

advertisements about Defendants' goods or services, (B) that Defendants did not have an established business relationship with Plaintiff and the other class members, and (C) that Exhibit A was an advertisement.

35. Defendants' actions caused damages to Plaintiff and the other class members. Receiving Defendants' junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendants' faxes. Moreover, Defendants' faxes used Plaintiff's fax machine. Defendants' faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendants' illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Finally, Defendants' faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone.

36. Even if Defendants did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendants' advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

## COUNT II
## CONVERSION

37. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

38. By sending Plaintiff and the other class members unsolicited faxes, Defendants improperly and unlawfully converted their fax machines, toner and paper to its own use. Defendants also converted Plaintiff's employees' time to Defendants' own use.

39. Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

8

40. By sending the unsolicited faxes, Defendants permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendants' own use. Such misappropriation was wrongful and without authorization.

41. Defendants knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

42. Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendants.

43. Each of Defendants' unsolicited fax advertisements effectively stole Plaintiff's employees' time because multiple persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendants' illegal faxes. Defendants knew or should have known employees' time is valuable to Plaintiff.

44. Defendants' actions caused damages to Plaintiff and the other members of the class because their receipt of Defendants' unsolicited fax advertisements caused them to lose paper and toner as a result. Defendants' actions prevented Plaintiff's fax machines from being used for Plaintiff's business purposes during the time Defendants were using Plaintiff's fax machines for Defendants' illegal purpose. Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendants' illegal faxes, and that time otherwise would have been spent on Plaintiff's business activities.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, PALM BEACH GOLF CENTER-BOCA, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against

Defendants, JOHN G. SARRIS, D.D.S, P.A. and JOHN G. SARRIS, jointly and severally, as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B. That the Court enter judgment finding Defendants have violated the TCPA and is liable to Plaintiff and the members of the class for violating the TCPA;

C. That the Court enter judgment finding Defendants unlawfully converted the fax machines of Plaintiff and the members of the class and is liable to Plaintiff and the members of the class for damages arising from its conversion;

D. That the Court award $500.00 in damages for each violation of the TCPA;

E. That the Court award attorney fees and costs from the common fund;

F. That the Court enter an injunction prohibiting Defendants from engaging in the statutory violations at issue in this action; and

G. That the Court award any such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 per individual, inclusive of all damages and fees.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to William S. Reese, Esq., Kevin D. Franz, Esq., LANE, REESE, SUMMERS, ENNIS & PERDOMO, P.A., attorneys for Defendants, 2600 Douglas Road, Douglas Centre, FL 33134, via facsimile and U.S. Mail, and via electronic mail to Brian J. Wanca, Esq., ANDERSON + WANCA, 3701 Algonquin Road, Suite 760, Rolling Meadows, IL 60008 and Phillip A. Bock,

10

Esq., BOCK & HATCH, LLC, 134 N. La Salle Street, Suite 1000, Chicago, IL 60602, on September 7, 2010.

Respectfully submitted,

**BERMAN DeVALERIO**
Attorneys for Plaintiff
4280 Professional Center Drive, Suite 350
Palm Beach Gardens, FL 33410
Telephone:  (561) 835-9400
Facsimile:  (561) 835-0322

By: _____
William B. Lewis
Florida Bar No. 64936
Manuel J. Dominguez
Florida Bar No. 54798
Kyle G. DeValerio
Florida Bar No. 18565
Daniel A. Bushell
Florida Bar No. 43442

and

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone:  (847) 368-1500
Facsimile:  (847) 368-1501

Philip A. Bock
BOCK & HATCH, LLC
134 N. LaSalle Street, Suite 1000
Chicago, IL 60602
Telephone:  (312) 658-5500

11

# EXHIBIT A

# $50 GIFT CERTIFICATE FIFTY DOLLARS $50

## FAMILY, COSMETIC & RECONSTRUCTIVE DENTISTRY

### John G. Sarris, D.M.D., P.A.

*Please Ask About Our Affordable Dental Plan Benefits*

| *Crowns Only $425.00 (2752) | GOLD DENTAL PLAN • Reg. $299.00 • Only $249.00 With Gift Certificate (Annual Fees) | *ZOOM WHITENING 1-Hour Only $249.00 (9973) / Take-Home Trays, Only $149.00 (9972) |
|---|---|---|
| *FREE X-Rays (210) *FREE Exam (120) *2 FREE Cleanings (1110) | *INVISALIGN™ (Invisible braces) Find out if Invisalign is right for you? "Also covered on our Gold Plan" | *Up To 50% Off *Root Canals *Dentures *Veneers *Implants or any Dental Services |
| Limit One Gift Certificate Per New Patient | *All fees with our Gold Dental Plan / Expires 1/31/06 | You May Use Gift Certificate for any service |

### Please Ask About Our *Affordable* Dental Plan Benefits!

**Call us at 561-Brush-50 (278-7450)**
1911 S. Federal Hwy Ste 600 • Delray Beach
Conveniently located to Tropic Square Plaza (Behind Dunkin Donuts)
Most Insurance Accepted * www.drsarris.com

$50                                                                 $50

The patient and any other person responsible for payment has the right to refuse to pay, cancel payment or be reimbursed for payment for any other service, examination or treatment which is performed or as a result of and within seventy-two (72) hours of responding to the advertisement for that fee, discounted fee or reduced fee service, examination or treatment

_____ The above sponsor is not affiliated with, nor endorsed by, any charitable organization _____

**Please Contribute to Reputable American Charities Dedicated to Helping Hurricane Victims**

Advertising stimulates the economy. We will only send faxes to parties who wish to receive them. If you, or someone acting in your behalf, did not request or allow us, our agents, or our customers to send faxes to this number, this message was sent in error, and we apologize. If you do not want to receive charitable advertising or other faxes call (718) 645-2018, Ext 233, twenty four-hours a day, seven days a week or 8009919484, ext 399 to remove your number. (Lines are less busy evenings, nights, and weekends.) If you remove your number, we will never send another fax to this number. If you do not remove your number, it will certify that you give permission to continue to send faxes to this number. This message is the exclusive property of Macaw, SRL, 46 Match Factory St, Sec 5, Buc, Rom, 050183, 40723294564, which is solely responsible for its contents and destinations.

**"Remove" Hotline (718) 645-2018, Ext 233. "Complaint" Hotline (718) 645-2021, Ext 232.**



