40653

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION
CASE NO. 09 CA 23366

PALM BEACH GOLF CENTER-BOCA, INC.,
a Florida corporation, individually and on behalf
of all others similarly situated,

 Plaintiff,

v.

JOHN G. SARRIS, D.D.S., P.A., a Florida
corporation, and JOHN G. SARRIS,

Defendants.
_____/

## DEFENDANT, JOHN G. SARRIS, D.D.S, P.A.'s ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, DEFENDANT, JOHN G. SARRIS, D.D.S., P.A., by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's Second Amended Class Action Complaint, and states as follows:

Each and every allegation of Plaintiff's Second Amended Class Action Complaint not expressly admitted herein is denied.

1. Defendant denies paragraph 1 in its entirety and demands strict proof thereof.

2. Defendant admits that the 47 USC § 227 speaks for itself. Defendant denies any portion of paragraph 2, which does not accurately and completely represent 47 USC § 227.

3. Defendant denies paragraph 3 in its entirety and demands strict proof thereof.

4. Admitted that Plaintiff has brought a class action complaint under 47 USC § 227 and under a conversion theory; however, Defendant denies that there is any basis for the relief sought through the Second Amended Class Action Complaint.

5. Defendant is without knowledge to admit or deny the allegations in paragraph 5; therefore, Defendant denies paragraph 5 as worded and demands strict proof thereof.

## JURISDICTION AND VENUE

6. Defendant denies that it has committed tortious acts. Defendant denies that jurisdiction is proper as this matter can only be cognizable as a claim brought in county court.

7. Admitted for venue purposes only in that Palm Beach County is allegedly where the cause of action accrued.

8. Defendant admits only that Plaintiff's individual claim is less than $75,000.00 inclusive of all forms of damages and fees. Defendant denies that jurisdiction is proper as this matter could only be cognizable as a claim brought in county court. Defendant further denies that there exists any basis for Plaintiff's claims or for awarding Plaintiff any damages. Defendant specifically denies that Plaintiff is entitled to an award of attorneys' fees.

## PARTIES

9. Admitted.

10. Defendant denies paragraph 10 as worded and demands strict proof thereof. John G. Sarris, D.D.S., P.A. is not an active corporation according the Florida Department of State Division of Corporations.

11. Admitted that John G. Sarris operated a dental care business. Defendant is without knowledge to admit or deny the remainder of paragraph 11 as it is vague and ambiguous concerning time and scope.

12. Admitted that John G. Sarris operated a dental care business and that he was an officer and/or a director of said business. Defendant is without knowledge to admit or deny the remainder of paragraph 12 as it is vague and ambiguous concerning the phrase "control person."

13. Defendant denies paragraph 13 in its entirety and demands strict proof thereof.

## FACTUAL ALLEGATIONS

14. Defendant denies paragraph 14 in its entirety and demands strict proof thereof.

15. Defendant is without knowledge to admit or deny paragraph 15 and therefore denies paragraph 15 in its entirety and demands strict proof thereof.

16. Defendant denies paragraph 16 in its entirety and demands strict proof thereof.

17. Defendant is without knowledge to admit or deny paragraph 17 and therefore denies paragraph 17 in its entirety and demands strict proof thereof.

18. Defendant denies paragraph 18 in its entirety and demands strict proof thereof.

## CLASS REPRESENTATION ALLEGATIONS

19. Defendant denies that Plaintiff has any standing to proceed with any claim for relief against Dr. John G. Sarris, D.D.S., P.A. Defendant further denies that a class action is proper under the claims alleged through Plaintiff's Second Amended Class Action Complaint. Defendant is without knowledge to admit or deny the specific claims made under subsections (1)-(4) and therefore denies them in their entirety and demands strict proof thereof.

### Numerosity and Impracticability of Joinder - Rule 1.220(a)(1)

20. Defendant denies paragraph 20 in its entirety and demands strict proof thereof.

### Commonality – Rule 1.220(a)(2)

21. Defendant denies paragraph 21 including all subparts in its entirety and demands strict proof thereof.

22. Defendant denies paragraph 22 in its entirety and demands strict proof thereof.

### Adequacy of Representation – Rule 1.220(a)(4)

23. Defendant is without knowledge to admit or deny paragraph 23 and therefore denies paragraph 23 in its entirety and demands strict proof thereof.

### Superiority – Rule 1.220(b)(3)

24. Defendant denies paragraph 24 in its entirety and as applied to the allegations in Plaintiff's Second Amended Class Action Complaint and demands strict proof thereof.

25. Defendant denies paragraph 25 in its entirety and as applied to the allegations in Plaintiff's Second Amended Class Action Complaint and demands strict proof thereof.

26. Defendant denies paragraph 26 in its entirety and demands strict proof thereof.

### COUNT I: VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

27. Defendant re-alleges and incorporates by reference its answer to paragraphs 1 through 26 as if fully stated herein.

28. Defendant admits that 47 U.S.C. § 227 speaks for itself. However, Defendant denies that paragraph 28 completely states the prohibitions and exceptions under 47 U.S.C. § 227 and demands strict proof thereof.

29. Defendant admits that 47 U.S.C. § 227 speaks for itself. However, Defendant denies that paragraph 29 completely states the prohibitions and exceptions under 47 U.S.C. § 227 and demand strict proof thereof.

30. Defendant admits that 47 U.S.C. § 227 speaks for itself. However, Defendant denies that paragraph 30 completely states the prohibitions and exceptions under 47 U.S.C. § 227.

Furthermore, Defendant denies any right of the Plaintiff to privately enforce the terms of the TCPA and demands strict proof thereof.

31. Defendant admits that, in certain circumstances, 47 U.S.C. § 227 allows for treble damages when a party has knowingly and willingly violated the terms of the TCPA. However, Defendant denies that Plaintiff is entitled to such damages.

32. Defendant denies paragraph 32 in its entirety and demands strict proof thereof.

33. Defendant denies paragraph 33 as worded and demands strict proof thereof.

34. Defendant denies paragraph 34 in its entirety and demands strict proof thereof.

35. Defendant denies paragraph 35 in its entirety and demands strict proof thereof.

36. Defendant denies paragraph 36 in its entirety and demands strict proof thereof.

## COUNT II: CONVERSION

37. Defendant re-alleges and incorporates by reference its answer to paragraphs 1 through 26 as if fully stated herein.

38. Defendant denies paragraph 38 in its entirety and demands strict proof thereof.

39. Defendant denies paragraph 39 in its entirety and demands strict proof thereof.

40. Defendant denies paragraph 40 in its entirety and demands strict proof thereof.

41. Defendant denies paragraph 41 in its entirety and demands strict proof thereof.

42. Defendant denies paragraph 42 in its entirety and demands strict proof thereof.

43. Defendant denies paragraph 43 in its entirety and demands strict proof thereof.

44. Defendant denies paragraph 44 in its entirety and demands strict proof thereof.

## PRAYER FOR RELIEF

Defendant requests that this Court enter an Order denying any request for class certification and further enter judgment in favor of this Defendant with the finding of no liability to Plaintiff for any alleged violation of the TCPA and no liability to the Plaintiff for any relief under the doctrine of conversion.

Defendant further seeks and requests an award of attorney's fees and costs under Fla.Stat.Ann. §57.105 against the Plaintiff and its counsel of record. Both the Plaintiff and its lawyers know, or should know, that Plaintiff's claims are unsupported by any application of existing law to the material facts in this case. Both the Plaintiff and its counsel know as a matter of fact and law that the Defendant had nothing to do with the creation or the distribution by fax of the document attached as Exhibit "A" to the Second Amended Class Action Complaint. Moreover, Plaintiff and its counsel know that this suit was originated based on materials that were deemed confidential and which could not form the basis for initiating TCPA litigation throughout the country. Plaintiff's counsel utilized these confidential materials in violation of Federal Court Order to initiate lawsuits all throughout the country. Finally, Plaintiff's counsel knows or should have known that solicitation of the Plaintiff in this suit was obtained in violation of the Florida Rules of Professional Responsibility and Professional Conduct.

## AFFIRMATIVE DEFENSES

1. For its first Affirmative Defense, Defendant affirmatively avers that Plaintiff has failed to state a claim upon which relief can be granted under the TCPA.

2. For its second Affirmative Defense, Defendant affirmatively avers that Plaintiff has failed to state a claim upon which relief can be granted under a theory of conversion.

3. For its third Affirmative Defense, Defendant affirmatively avers that Plaintiff's cause of action for conversion is barred by the *de minimis* doctrine.

4. For its fourth Affirmative Defense, Defendant affirmatively avers that Plaintiff's cause of action should be dismissed for failure to join indispensible parties.

5. For its fifth Affirmative Defense, Defendant affirmatively avers that to the extent that Plaintiff is found to have sustained any damages, which is denied, Plaintiff has failed to mitigate its alleged damages.

6. For its sixth Affirmative Defense, Defendant affirmatively avers that to the extent that Defendant is found at fault, which is specifically denied, Defendant did not knowingly or willingly violated 47 U.S.C. § 227 or any other laws or statutes as alleged in the Second Amended Class Action Complaint.

7. For its seventh Affirmative Defense, Defendant affirmatively avers that to the extent that Defendant is found at fault, which is specifically denied, Defendant is entitled to an apportionment of damages, if any, in accordance with § 768.81 and Fabre v. Martin, 623 So.2d 1182 (Fla. 1993). Any such damages, the existence of which is denied, were caused in whole or in part by the actions of third parties and such third parties were the legal cause of all or part of the damages suffered by the Plaintiff, if any.

8. For its eighth Affirmative Defense, Defendant affirmatively avers Plaintiff's claim fails to satisfy the requirements for class certification. None of the claims alleged by the Plaintiff may be maintained on behalf of a class.

9. For its ninth Affirmative Defense, Defendant affirmatively avers Plaintiff's claim fails to satisfy the requirements for class certification, because there are numerous issues that require individualized consideration of each putative class member, including but not limited to: (1) whether any purported class member actually received the facsimile attached to the Second Amended Class Action Complaint, (2) whether any purported class member gave the Defendant permission to send the alleged facsimile and (3) whether any purported class member had an established business relationship with the Defendant.

10. For its tenth Affirmative Defense, Defendant affirmatively avers Plaintiff's claim fails to state a cause of action under the TCPA, because it cannot be brought as a private cause of action in State Circuit Court.

11. For its eleventh Affirmative Defense, Defendant affirmatively avers Plaintiff's claim is barred, in whole or in part, by the applicable statute of limitations.

12. For its twelfth Affirmative Defense, Defendant affirmatively avers Plaintiff's claim is barred, in whole or in part, by the doctrine of laches.

13. For its thirteenth Affirmative Defense, Defendant affirmatively avers Plaintiff's claim is barred, in whole or in part, because the Plaintiff failed to satisfy all of the conditions precedent to maintaining this action.

14. For its fourteenth Affirmative Defense, Defendant affirmatively avers Plaintiff's claims are barred, because Defendant had an established business relationship with the Plaintiff.

15. For its fifteenth Affirmative Defense, Defendant affirmatively avers Plaintiff's claims are barred, because Plaintiff consented to receiving any allegedly sent facsimiles in this case.

16. For its sixteenth Affirmative Defense, Defendant affirmatively avers that Plaintiff's claims are barred and void as a matter of law on the basis of champerty and maintenance. Specifically, Plaintiff's counsel directly solicited Plaintiff to file this lawsuit and serve as the class representative in exchange for his agreement: (a) to pay the costs associated with filing and litigating this lawsuit; (b) to seek his attorney's fees from any damages recovered in this lawsuit and (c) to provide Plaintiff with a portion of any damages recovered in this lawsuit. Plaintiff did not personally investigate the claims alleged in its Second Amended Class Action Complaint and does not have any independent knowledge of the basis for the claim in said Complaint other than the information it obtained from counsel.

17. For its seventeenth Affirmative Defense, Defendant affirmatively avers that Plaintiff's claims are barred in whole or in part, and are void as a matter of law, because they originated based on materials that were deemed confidential and which cannot form the basis for initiating TCPA litigation throughout the country.

18. For its eighteenth Affirmative Defense, Defendant affirmatively avers that Plaintiff's claims failed to state a cause of action upon which relief can be granted, because Defendant's corporate name, John G. Sarris, D.D.S, P.A., does not appear on the facsimile attached to the Second Amended Class Action Complaint.

## TRIAL BY JURY DEMAND

Defendant demands trial by jury of all issues so triable as a matter of right by jury.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by mail on September 15, 2010 to William B. Lewis, Esq., BERMAN DeVALERIO, Attorneys for Plaintiff, 4280 Professional Center Drive, Suite 350, Palm Beach Gardens, FL 33410; Brian Wanca, Esq., ANDERSON + WANCA, 3701 Algonquin Road, Suite 760, Rolling Meadows, IL 60008; and Philip A. Bock, Esq., BOCK AND HATCH, LLC 134 N.Lasalle St., Suite 1000, Chicago, IL 60602.

LANE, REESE, SUMMERS, ENNIS & PERDOMO, P.A.
Attorneys for Defendants
2600 Douglas Road
Douglas Centre, Suite 304
Coral Gables, FL 33134
(305) 444-4418

By: _____
William S. Reese
Florida Bar No. 187183
Kevin D. Franz
Florida Bar No. 015243