IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 12-80178-CIV-WILLIAMS

PALM BEACH GOLF CENTER-BOCA, INC., )
and as the representative of a class of )
similarly situated persons, )
)
          Plaintiff, )
v. )
)
JOHN G SARRIS, D.D.S., P.A., )
)
          Defendant. )
)

**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND NOTICE TO SETTLEMENT CLASS MEMBERS**

**THIS MATTER** is before the Court on the Parties' "Unopposed Motion for Preliminary Approval of Class Action Settlement and Notice to the Class" (the "Joint Motion") (DE 224). On May 31, 2016, the Parties informed the Court that they had reached a settlement in this matter (DE 221). The following day, the Parties filed a Joint Notice of Settlement (DE 222). On June 10, 2016, the Parties filed a copy of the Settlement with the Court as an exhibit with this motion for approval of the same (DE 224).

After review of the Settlement Agreement and the record, it is hereby **ORDERED AND ADJUDGED** as follows:

    1.    The Court finds that, pursuant to Federal Rule of Civil Procedure 23(e), the settlement of this action—as embodied in the terms of the Settlement Agreement attached to the Joint Motion—appears to be fair, reasonable, adequate, and in the best interests of the Settlement Class in light of the factual, legal, practical, and procedural considerations raised by this case. The Court therefore preliminarily approves the

proposed Settlement Agreement. The Settlement Agreement (DE 224-1), is incorporated by reference into this Order (with capitalized terms as set forth in the Settlement Agreement).

2. Pursuant to Federal Rule of Civil Procedure 23(b)(3), by stipulation of the Parties, and for the purpose of settlement, the Court hereby preliminarily certifies the following class (the "Settlement Class"):

> All persons who were sent or may have been sent one or more telephone facsimile messages by or on behalf of Defendant or its related entities, John G. Sarris, D.M.D., P.A., John George Sarris, D.M.D., P.A., or Sarris Management Corp., advertising or promoting the commercial availability of any property, goods or services, including but not limited to those purportedly sent facsimiles with information about 'John G. Sarris, D.M.D., P.A.' offering 'Family, Cosmetic & Reconstructive Dentistry' and serving as a $50 'Gift Certificate' at any time between four years prior to the date of the filing of this suit to and including the date of the filing of this suit.

Excluded from the Settlement Class are Defendant and its insurers, including any and all of their parents, subsidiaries, affiliates or controlled persons officers, directors, agents, servants, and employees and the immediate family members of such persons as well as and the judges and staff of the United States District Court for the Southern District Of Florida. The Parties have agreed to this Settlement Class definition solely for settlement purposes.

3. The Court preliminarily finds that certification for purposes of settlement is appropriate because (a) the class is so numerous that joinder of all members is impractical; (b) there are questions of law and fact common to the class and they predominate over any questions affecting only individual class members; (c) Plaintiff's claims are typical of the claims of the class; (d) Plaintiff and its attorneys will fairly and

adequately protect the interests of the class; and (e) a class action is the superior means of resolving this controversy.

4. The Court preliminarily appoints Palm Beach Golf Center-Boca, Inc. as the representative of the Settlement Class pursuant to Federal Rule of Civil Procedure 23(a), and preliminarily appoints Palm Beach's attorneys (Phillip A. Bock of Bock, Hatch, Lewis & Oppenheim LLC) as Class Counsel pursuant to Federal Rule of Civil Procedure 23(g).

5. By this Order, the Court hereby orders that Class Counsel retain a third-party Claims Administrator to administer the settlement by providing notice to class members, maintaining the Settlement Website, assisting class members in completing and submitting forms, receiving claim forms submitted by class members and issuing checks to persons who submit an approved, valid and timely Proof of Claim.

6. The Court finds that the Settlement Agreement's plan for class notice is the best notice practicable under the circumstances and satisfies the requirements of due process and Federal Rule of Civil Procedure 23(e)(1). That plan is approved and adopted. This Court further finds that the Class Notice (attached to the Settlement Agreement as Exhibit 2), and the Claim Form included as part of the Class Notice, comply with Federal Rule of Civil Procedure 23(e)(1), are appropriate as part of the notice plan, and are approved and adopted. The Court orders that the Parties provide the notice to the Class as proposed and described below.

7. The Claims Administrator shall send Class Notice by facsimile to the fax number of each class member as reflected in the Database (Exhibit 7 to the Expert Report of Robert Biggerstaff dated August 14, 2009) within fifteen calendar days of

entry of this Order and as set forth in the Agreement. The Class Notice and Claim Form shall also be made available on the Settlement Website. The content of the Settlement Website must be agreed to by the Parties. The Parties shall have the opportunity to review the Settlement Website at least two (2) business days prior to the sending of Class Notice and may make objections thereto. The Court finds and orders that no other notice is necessary.

8. The Court hereby sets deadlines and dates for the acts and events set forth in the Settlement Agreement and directs the Parties to incorporate the deadlines and dates in the Class Notice:

(a) Objections and motions to intervene shall be filed in this Court and postmarked and served on Class Counsel and Defendant's counsel on or before **August 24, 2016**;

(b) Memoranda regarding objections or motions to intervene must be filed in this Court, and postmarked and served on Class Counsel and Defendant's counsel on or before **August 24, 2016**;

(c) Requests by any Class member to be excluded from the settlement must be submitted on or before August 24, 2016, or be forever barred. The Court shall rule on all requests for exclusion or opt outs on **September 26, 2016 at 3:30 p.m.**; and

(d) Defendant shall file proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), no later than **June 30, 2016**; and,

(e)     The Fairness Hearing, set forth in the Class Notice, is hereby scheduled for **September 26, 2016, at 3:30** p.m. in Room 11-3.

**DONE AND ORDERED** in chambers, at Miami, Florida, this 23rd day of June, 2016.

_____
KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE