IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| PALM BEACH GOLF CENTER-BOCA, INC., and as the representative of a class of similarly situated persons,<br><br>                 Plaintiff,<br>v.<br><br>JOHN G SARRIS, D.D.S., P.A.,<br><br>                 Defendant. | No. 12-CV-80178<br>Judge Kathleen M. Williams<br>Mag. Judge Hopkins |

## FINAL APPROVAL ORDER

The matter coming before the for a fairness hearing on September 26, 2016, on the request for final approval of the class action settlement by Plaintiff, Palm Beach Golf Center-Boca, Inc. ("Plaintiff"), and Defendant, John G. Sarris, D.D.S., P.A. ("Defendant"), due notice given, the parties appearing through counsel, and the Court fully advised in the premises, **IT IS HEREBY ORDERED**:

1. This Court has jurisdiction over the parties, the members of the Settlement Class, and the claims asserted in this lawsuit.

2. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the settlement of this action, as embodied in the terms of the Settlement Agreement, is hereby finally approved as a fair, reasonable and adequate settlement of this case in the best interests of the Settlement Class in light of the factual, legal, practical and procedural considerations raised by this case.

3. The Settlement Class is defined as follows: "All persons who were sent or may have been sent one or more telephone facsimile messages by or on behalf of Defendant or its related entities, John G. Sarris, D.M.D., P.A., John George Sarris, D.M.D., P.A., or Sarris Management Corp., advertising or promoting the commercial availability of any property, goods, or services, including but not limited to those purportedly sent facsimiles with information about 'John G. Sarris, D.M.D., P.A.' offering 'Family, Cosmetic & Reconstructive Dentistry' and serving as a $50 'Gift Certificate' at any time between four years prior to the date of the filing of this suit to and including the date of the filing of this suit." Excluded from the Settlement Class are Defendant, its insurers, including any and all of their parents, subsidiaries, affiliates or controlled persons, officers, directors, agents, servants, and employees and the immediate family members of such persons as well as the judges and staff of the United States District Court for the Southern District of Florida. The parties expressly agreed to the Settlement Class definition solely for settlement purposes.

4. The Court finds that the Settlement Agreement has been entered into in good faith following arm's-length negotiations.

5. The Court finds that certification for purposes of settlement is appropriate because (a) the class is so numerous that joinder of all members is impractical; (b) there are questions of law and fact common to the class and they predominate over any questions affecting only individual class members; (c) Plaintiff's claims are typical of the claims of the class; (d) Plaintiff and its attorneys

will fairly and adequately protect the interests of the class; and (e) a class action is the superior means of resolving this controversy.

6. The Court appoints Plaintiff, Palm Beach Golf Center-Boca, Inc., as the "Class Representative" and appoints attorney Phillip A. Bock of Bock, Hatch, Lewis & Oppenheim LLC as "Class Counsel."

7. Upon the Declaration of Dorothy Sue Merryman, the Court finds that the notice provided to the Settlement Class Members was the best notice practicable under the circumstances and it satisfied the requirements of due process and Federal Rule 23(e)(1).

8. Upon the Affidavit of Erin Walsh, the Court finds that notice has been given to the appropriate State and Federal officials in accordance with the Class Action Fairness Act, 28 U.S.C. § 1715.

9. Zero objections were received.

10. The no persons validly requested exclusion from the Settlement Class and the settlement.

11. After due consideration of, among other things, the uncertainty about the likelihood of: (a) the Class's ultimate success on the merits; (b) the range of the Class's possible recovery; (c) the complexity, expense and duration of the litigation; (d) the substance and amount of opposition to the settlement; (e) the state of proceedings at which the settlement was achieved; (f) all written submissions, declarations and arguments of counsel; and (g) after notice and hearing, this Court finds that the settlement is fair, adequate and reasonable. This Court also finds that the financial settlement terms fall within the range of settlement terms that

would be considered fair, adequate and reasonable. Accordingly, this Settlement Agreement should be and is APPROVED and shall govern all issues regarding the settlement and all rights of the Parties, including the Class Members. Each Class Member (including any person or entity claiming by or through him, her or it, but except those persons identified above who have previously excluded themselves from the Settlement Class) shall be bound by the Settlement Agreement, including being subject to the Releases set forth in the Settlement Agreement.

12. Defendant, by and through its Insurer, has created a settlement fund (the "Settlement Fund") to pay valid class member claims, class action settlement administration costs, attorney's fees, costs, and expenses, and an incentive award to Plaintiff as determined and awarded by this Court. Unclaimed monies in the Settlement Fund shall revert back to Defendant and its Insurer.

13. As agreed in and subject to the Settlement Agreement, each member of the Settlement Class against whom this Court did not grant summary judgment in favor of John G. Sarris, D.D.S., P.A. in its Order of March 9, 2016 and who submitted a timely, valid and approved Claim Form will be mailed a check not to exceed $250 from the Settlement Fund. As agreed in and subject to the Settlement Agreement, each member of the Settlement Class against whom this Court granted summary judgment in favor of Defendant in its Order of March 9, 2016 and who submitted a timely and valid Claim Form will be mailed a check not to exceed $150 from the Settlement Fund. The Claims Administrator will cause those checks to be mailed after receiving the Settlement Funds. Checks issued to the claiming Settlement Class members will be void 90 days after issuance and any amount from

4

voided checks shall be given as *cy pres* to charities selected by Class Counsel in consultation with defense counsel and approved by the Court.

14. The Court approves Class Counsel's attorneys' fees in the total amount of $100,000 and out-of-pocket expenses not to exceed $40,000.00 based on Counsel's submission of detailed invoices regarding same. Those amounts shall be paid from the Settlement Fund as set forth in the Settlement Agreement.

15. The Court approves a $10,000 incentive award to Palm Beach Golf Center-Boca, Inc. for serving as the Class Representative. That amount shall be paid from the Settlement Fund as set forth in the Settlement Agreement.

16. The Court expressly adopts and incorporates herein all of the terms of the Settlement Agreement. The Parties to the Settlement Agreement shall carry out their respective obligations under that Agreement.

17. This action, including all claims against Defendant and the Releasees as defined in the Settlement Agreement as asserted in this lawsuit, or which could have been asserted in this lawsuit, by or on behalf of Plaintiff, all Settlement Class members and the Releasors as defined in the Settlement Agreement against Defendant and the Releasees are hereby dismissed with prejudice and without taxable costs to any Party.

18. All claims or causes of action of any kind by any Settlement Class member or anyone claiming by or through him, her or it brought in this Court or any other forum (other than those by persons who have opted out of this action) are barred pursuant to the Releases set forth in the Settlement Agreement. All persons and entities are enjoined from asserting any claims that are being settled or

released herein, either directly or indirectly, against Defendant, the Releasees or Defendant's Insurer, in this Court or any other court or forum.

19. If (a) the Settlement Agreement is terminated pursuant to its terms, or (b) the Settlement Agreement or Final Approval Order and Judgment do not for any reason become effective, or (c) the Settlement Agreement or Final Approval Order and Judgment are reversed, vacated or modified in any material or substantive respect, then any and all orders entered pursuant to the Settlement Agreement shall be deemed vacated. If the settlement does not become final in accordance with the terms of the Settlement Agreement, this Final Approval Order and Judgment shall be void and be deemed vacated.

20. The Court retains jurisdiction for 180 days over this action, Plaintiff and all members of the Settlement Class and Defendant to determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including but not limited to, their administration, implementation, interpretation or enforcement. The Court further retains jurisdiction to enforce this Order.

21. The Court finds that there is no just reason to delay the enforcement of this Final Approval Order and Judgment.

BY ORDER OF THE COURT

Dated: 9/27/16

Hon. Judge Kathleen M. Williams

6